# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSE ARROYO-GARCIA,

              Petitioner,     :     Case No. 2:17-cv-984

  - vs -                              Chief Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Michael R. Merz

Warden,
  Noble Correctional Institution

                                      :

              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Jose Arroyo-Garcia pursuant to 28 U.S.C. § 2254. The Petition was filed November 9, 2017 (ECF No. 3). On Magistrate Judge Vascura's Order (ECF No. 2), the State has filed a Return of Writ with the State Court Record attached (ECF No. 6). The case became ripe on the filing of Petitioner's Traverse (ECF No. 7). The reference in the case was recently transferred to the undersigned to help balance the workload in the District (ECF No. 8).

**Litigation History**

Petitioner was indicted by a Franklin County grand jury on July 23, 2014, on one count of aggravated trafficking in methamphetamine and eight counts of trafficking in cocaine. After plea negotiations, he pled guilty to four of the trafficking counts and was sentenced to four consecutive three-year imprisonment terms. He took a direct appeal to the Tenth District Court of Appeals,

which affirmed the convictions and sentence. *State v. Arroyo-Garcia*, 10th Dist. Franklin No. 15AP-890, 2016-Ohio-7006 (Sept. 27, 2016). Petitioner took no further direct appeal to the Ohio Supreme Court, but filed an Application to Reopen his Direct Appeal under Ohio R. App.P.26(B) on October 12, 2016 (State Court Record, ECF No. 6-1, PageID 209). The Tenth District denied relief, *id*. at PageID 269-72, and Arroyo-Garcia did not appeal to the Supreme Court of Ohio. His later attempt to add a new claim by supplementation was denied. He sought relief from the appellate judgment under Ohio R.Civ.P. 60(B), but the Tenth District held 60B) was not applicable to appellate judgments. *Id.* at PageID 276), and the Supreme Court of Ohio declined jurisdiction. 150 Ohio St. 3d 1433 (2017). Petitioner's petition for post-conviction relief under Ohio Revised Code § 2953.21 was denied (State Court Record, ECF No. 6-1, PageID 338-40), and he took no appeal.

On November 6, 2017, Arroyo-Garcia filed his Petition for Writ of Habeas Corpus by placing it in the prison mail system. He pleads two grounds for relief:

> **Ground One:** Petitioner's guilty pleas were not entered knowingly or voluntarily.
>
> **Supporting Facts:** Trial counsel failed to notify petitioner of the consequences of entering guilty plea.
>
> **Ground Two:** Petitioner was denied the effective assistance of counsel.
>
> **Supporting Facts:** Counsel lead [sic] petitioner to believe he was going to only receive a sentence of 3 years on all counts to run concurrently to each other for a total of 3 years. This was verified through the use of the interpreter.

(Petition, ECF No. 3, PageID 31-34).

# Analysis

**Ground One: Guilty Plea Neither Knowing Nor Voluntary**

In his First Ground for Relief, Petitioner asserts his conviction is unconstitutional because his guilty plea was neither knowing nor voluntary. Respondent asserts this claim should be dismissed as procedurally defaulted (Return, ECF No. 6, PageID 64).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87; *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S.

at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman,* 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (en banc); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord: *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001);.

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction.
> . . .
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
> . . .
> Once the court determines that a state procedural rule was not

> complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138 ( (citations omitted); accord: *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015), citing *House v. Bell*, 547 U.S. 518, 537 (2006).

The particular procedural default relied on by Respondent is Arroyo-Garcia's failure to appeal from the initial adverse decision of the Tenth District to the Supreme Court of Ohio. Petitioner concedes that this default happened: "Petitioner did not file a timely appeal or memorandum in support (Discretionary Appeal) to the Ohio Supreme Court from the September 27, 2016 judgment" (Traverse, ECF No. 7, PageID 361-62.)

Ohio does have a relevant procedural rule: an appeal to the Supreme Court of Ohio must be taken within forty-five days of entry of the appellate judgment on which review is sought. Ohio S.Ct.Prac.R. 7.01(A)(1). Because Arroyo-Garcia never attempted to file a direct appeal to the Supreme Court of Ohio, there was never an occasion for that court to expressly apply the filing deadline. However, this Court must assume that the Supreme Court would have enforced that deadline, as they routinely do so. *See, e.g.*, *Key v. Mitchell*, 81 Ohio St. 3d 89, 90 (1998) (per curiam) (dismissing an appeal because petitioner "did not file a notice of appeal in this court within forty-five days from the . . . judgment."). The forty-five day time limit on appeal to the Supreme Court prescribed by S.Ct.Prac.R. 7.01(A)(1) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (citations omitted).

Arroyo-Garcia attempts to excuse his failure to timely appeal to the Supreme Court of Ohio

5

by asserting that the Franklin County Clerk of Courts never provided him with notice that the Tenth District had dismissed his 26(B) Application (Traverse, ECF No. 7, PageID 362). But that excuse simply does not apply to the direct appeal question. Arroyo-Garcia does not claim lack of notice of the decision on direct appeal. The 26(B) Application, even if granted, would not reopen the issues raised initially on direct appeal, but only those which the court of appeals would have found to have been omitted on direct appeal as a result of ineffective assistance of appellate counsel.

Because Petitioner has not shown cause and prejudice to excuse his failure to appeal to the Ohio Supreme Court from the September 27, 2016, judgment, his First Ground for Relief is procedurally defaulted and should be dismissed on that basis.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Arroyo-Garcia claims he was denied effective assistance of counsel when his trial attorney led him to believe he would only receive a three-year sentence.

Respondent asserts this claim is also procedurally defaulted because it was (1) not raised on direct appeal and (2) Petitioner did not timely appeal from dismissal of his petition for post-conviction relief (Return, ECF No. 6, PageID 71).

Petitioner responds that the issue could not have been raised on direct appeal because it depended on evidence outside the record, to wit, promises made by counsel that are not on the record (Traverse, ECF No. 7, PageID 373). Under Ohio law, such claims must be raised in post-conviction petitions under Ohio Revised Code § 2953.21. In his post-conviction petition, Arroyo-Garcia alleged:

> On July 13, 2015, prior to the change of plea hearing, defense counsel Terry Sherman represented to the defendant that if defendant entered into a series of guilty pleas to four counts of trafficking in Cocaine, first degree felonies, the trial court would impose a three (3) year prison terms as to each count and run them concurrent for a total prison term of three (3) years. Defondan1 entered guilty pleas to four counts of the indictment. The trial court during its colloquy with defendant, did inquire if defendant's plea; in this case was free of any promises, however, upon counsel's instructions, defendant answered in the negative.

(Petition, State Court Record, ECF No. 6-1, PageID 309). However, Arroyo-Garcia did not support this claim with any evidence outside the direct appeal record. *Id.* He did not attach his own affidavit swearing to the truth of his claims about attorney promises; nor is the petition itself verified.

As additional matter outside the record, Arroyo-Garcia submitted the statement of Charlene DeLorme, who avers that she heard trial counsel make the alleged promise or representation (State Court Record, ECF No. 6-1, PageID 355-56). This document bears a date of attestation of November 29, 2016, but was not filed with the Franklin County Common Pleas Court until December 22, 2016. *Id*. at PageID 344, 356. The post-conviction petition had been filed August 16, 2016, more than four months earlier.

By the time the DeLorme letter was offered, Judge Brown had already dismissed the post-conviction petition on September 26, 2016 (State Court Record, ECF No. 6-1, PageID 338-40). Arroyo-Garcia avers he was not notified of that decision by the Clerk of Courts and only learned of it when the prosecutor opposed his motion to supplement on January 3, 2017. Assuming the truth of this statement, it would already have been too late for Petitioner to appeal from Judge Brown's decision and this would excuse the failure to appeal. However, it would not excuse Petitioner's failure to file any evidence outside the record with his post-conviction petition.

7

Furthermore, in opposing the motion to supplement, the prosecutor noted that the DeLorme statement as filed was not notarized and in fact contradicted Arroyo-Garcia's claim as to what his attorney promised him (Memorandum, State Court Record, ECF No. 6-1, PageID 347-48.)

Assuming Arroyo-Garcia has overcome the procedural default of not appealing the dismissal of the post-conviction petition, the Magistrate Judge concludes he is not entitled to relief on the merits. Arroyo-Garcia freely admits that the trial judge conducted an appropriate plea colloquy as part of which she asked him if any promises had been made to him which were not reflected in the plea agreement or the colloquy. He admits that said no, which is confirmed by the transcript (State Court Record, ECF No. 6-1, PageID 119-20). He asks this Court to accept now his representation that that was a lie which he told the trial judge upon instructions from his attorney.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463, 468-69 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326-27 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their

8

> nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady*, 397 U.S. at 755 (internal quotation marks and citation omitted). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences now." *Mabry v. Johnson*, 467 U.S. 504, 511 (1984), *disapproved of on other grounds by Puckett v. United States*, 556 U.S. 129, 137-38 (2009). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326-28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326-27.

A court cannot rely on the petitioner's alleged "subjective impression . . . rather than the bargain actually outlined in the record," for to do so would "render[] the plea colloquy process meaningless[.]" *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (emphasis removed). If the plea colloquy process were viewed in this light, any defendant alleging "that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea, despite his own statements during the plea colloquy . . . indicating the opposite." *Id.*

In sum, Ground Two is procedurally defaulted because Arroyo-Garcia did not timely present any evidence outside the direct appeal record to support his claim. Alternatively, the claim is without merit, because a habeas petitioner will not be heard to contradict his sworn statement during a plea colloquy.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 2, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).