# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSE ARROYO-GARCIA,

     Petitioner,  :  Case No. 2:17-cv-984

 - vs -          Chief Judge Edmund A. Sargus, Jr.
              Magistrate Judge Michael R. Merz

Warden,
 Noble Correctional Institution

              :

     Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

   This habeas corpus case is before the Court on Petitioner's Motion to Stay (ECF No. 14). In the Motion, Petitioner seeks a stay so that he can exhaust state court remedies by moving for a delayed appeal pursuant to Ohio S.Ct.Prac.R. 7.01(A)(4), of the September 27, 2016 decision of the state court of appeals. *State v. Arroyo-Garcia,* 10th Dist. No. 15AP-890, 2016-Ohio-7006.

   A motion to stay is a pre-trial nondispositive matter on which a Magistrate Judge has initial decisional authority, subject to review by the District Judge under Fed.R.Civ.P. 72(a).

   As Arroyo-Garcia admitted in his Traverse, he did not take an appeal from that decision within the forty-five days allowed for such an appeal by Ohio S.Ct.Prac.R. 7.01(A)(1) (ECF No. 7, PageID 361-62). As noted in the Report and Recommendations, that time limit has been accepted by the United States Court of Appeals for the Sixth Circuit as an adequate an independent state ground of decision (ECF No. 9, PageID 386, citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)).

   Ohio S.Ct.Prac.R. 7.01(A)(4) does allow a motion for delayed appeal in felony cases, so it

is applicable to Petitioner. The rule also has not absolute time limit, so petitioner is not time-barred from seeking a delayed appeal. However, the fact that the Supreme Court of Ohio has authority to accept a delayed appeal does not mean that the forty-five day time limit is not consistently enforced. The Sixth Circuit in *Bonilla* already held to the contrary.

In *Beard v. Kindler*, 558 U.S. 53, 60 (2009), the Supreme Court held "a discretionary rule can serve as an adequate ground to bar federal habeas review." In *Walker v. Martin*, 562 U.S. 307, 311, 316-17 (2011), it held unanimously that a California rule that requires state habeas to be filed "as promptly as the circumstances allow" and without "substantial delay," confers discretion but does not mean the rule is not firmly established and regularly followed. Recognizing the impact of these cases, the Sixth Circuit has now held

> *Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state rule accords courts broad discretion. As a result of the Supreme Court's decision in *Walker, Deitz* [*v. Money*, 391 F.3d 804 (6th Cir. 2004)] is no longer the controlling law on this issue in our Circuit, and a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.

*Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

> [A] discretionary rule can be "firmly established" and "regularly followed"--even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others. See Meltzer, State Court Forfeitures of Federal Rights, 99 Harv. L. Rev. 1128, 1140 (1986) ("[R]efusals to exercise discretion do not form an important independent category under the inadequate state ground doctrine").
>
> A contrary holding would pose an unnecessary dilemma for the States: States could preserve flexibility by granting courts discretion to excuse procedural errors, but only at the cost of undermining the finality of state court judgments. Or States could preserve the finality of their judgments by withholding such discretion, but only

2

at the cost of precluding any flexibility in applying the rules.

*Beard*, 558 U.S. at 60-61.

Therefore, the existence of discretion in the Supreme Court of Ohio to allow a delayed appeal does not undermine the recommendation in the Report and Recommendations to dismiss the First Ground for Relief for procedural default (ECF No. 9, PageID 387).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277, 278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. at 277.

Petitioner has not shown good cause for his delay in seeking a delayed direct appeal. Petitioner has known at least since receipt of the letter from the Supreme Court of Ohio sent to

him on March 30, 2017, of the procedure for seeking a delayed direct appeal (See letter attached to Motion, ECF No. 14, PageID 407). However, he has not yet filed with that court. He reminds us that "[t]he determination of whether good cause exists for delayed review lies solely with the state supreme court." *Id.* at PageID 404. While that is certainly true and the Supreme Court of Ohio could, in its sole discretion, grant a delayed appeal, this Court has an independent obligation under *Rhines* to decide whether Petitioner had good cause not to exhaust before filing here.

Moreover, as Arroyo-Garcia understands, he must also demonstrate that his claims have sufficient merit to warrant a stay (Motion, ECF No. 14, PageID 404).

The first claim he wishes to present on delayed direct appeal is that his guilty plea was not knowing, intelligent, and voluntary because dismissing the major drug offender specification did not make the aggravated trafficking counts to which he pleaded "lesser-included offenses." (Motion, ECF No. 14, PageID 404).

Arroyo-Garcia was indicted on one count of aggravated trafficking in methamphetamine and eight counts of trafficking in cocaine in an amount exceeding 100 grams, all felonies of the first degree (Indictment, State Court Record, ECF No. 6-1, Ex. 1, PageID 82-85). There is no separate specification for being a major drug offender. Arroyo-Garcia pleaded guilty to Counts 2, 3, 4, and 9 of the Indictment, each of which charged him with trafficking in cocaine in an amount between 27 and 100 grams (Entry of Guilty Plea, State Court Record, ECF No. 6-1, Ex. 6, PageID 96). It cannot be reasonably debated that trafficking in cocaine in an amount between 27 grams and 100 grams is a lesser included offense of trafficking in cocaine in an amount more than 100 grams. Arroyo-Garcia's first intended proposition of law to raise on delayed appeal is without merit.

The second claim Petitioner wishes to present is a claim of double jeopardy. He asserts

4

that because drug offenses have no identifiable victims, all of his drug trafficking convictions should merge under Ohio Revised Code § 2941.25 (Motion, ECF No. 14, PageID 405).

The offenses to which Arroyo-Garcia pleaded guilty occurred on April 7, 2014; April 10, 2014; April 11, 2014; and May 1, 2014 (Indictment, State Court Record, ECF No. 6-1, Ex. 1, PageID 82-83, 85). Thus these offenses occurred "separately," as that word is used in Ohio Revised Code § 2941.25(B). Petitioner argues that because these offenses involved a similar modus operandi (offer to sell by telephone) or the convictions all arose out of the same investigation (Motion, ECF No. 14, PageID 405). Nothing in Ohio jurisprudence suggests that four separate offers to sell drugs committed as these offenses were would be merged as arising from the same course of conduct. To construe the law in that way would be absurd: once a drug dealer had made one successful sale, the law would provide no disincentive from his continuing.

Therefore Arroyo-Garcia's double jeopardy[1] claim is without merit.

**Conclusion**

Because Petitioner has not shown good cause for failing to exhaust his remedy of delayed appeal and because the claims he would raise in such an appeal are without merit, he is not entitled to a stay under *Rhines*, *supra*. The Motion to Stay Proceedings (ECF No. 14) is DENIED.

June 4, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The Magistrate Judge elides any discussion about the overlap od the Double Jeopardy Clause and Ohio Revised Code § 2941.25. Suffice to say that if a defendant has no good claim under Ohio Revised Code § 2941.25, then he will also not have a good Double Jeopardy claim. *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014).