IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE ARROYO-GARCIA,

    Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-00984
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On April 3, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 9.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 12.) Respondent has filed a Response. (ECF No. 13.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 12) is **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his August 20, 2015, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on four counts of trafficking in cocaine. (ECF No. 6-1, PAGEID # 98.) He asserts that his guilty plea was not knowing, intelligent or voluntary, because his attorney failed to notify him of the consequences of his guilty plea (claim one); and that he was denied the effective assistance of counsel, because his attorney told him he would only serve three years imprisonment (claim two). The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted and without merit.

Petitioner objects to the recommendations of the Magistrate Judge. As cause for his failure to file an appeal with the Ohio Supreme Court, Petitioner states that he is a Spanish speaking immigrant who does not read or understand English, and the prison where is incarcerated does not provide the assistance of an interpreter or Spanish legal materials. Referring to *Blackledge v. Allison*, 431 U.S. 63 (1977), Petitioner also again argues that his claim that his guilty plea was not knowing, intelligent, or voluntary, based on an off-the-record promise from defense counsel presents a meritorious basis for relief.

However, "'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray*, 477 U.S. at 488). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A petitioner's pro se status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). The United States Court of Appeals for the Sixth Circuit has held that a petitioner's language difficulties, or unfamiliarity with the English language does not constitute cause for a procedural default "because such alleged unfamiliarity is not 'external to [his]defense.'" *Bonilla*, 370 F.3d at 498 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Other federal courts, including this one, have reached a similar conclusion. *See Cruz-Altunar v. Warden, Ross Correctional Inst.*, No. 2:14-cv-1844, 2016 WL 909422, at *5 (S.D. Ohio March 9, 2016) (citing *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *Vazquez v. Lockhart*,

867 F.2d 1056, 1058 (8th Cir. 1988); *Sanchez v. Hetzel*, No. 1:11-cv-940-TMH, 2014 WL 1491178, *4 (M.D. Ala. 2014) (collecting cases)); *see also Amnathphonthip v. Warden, North Central Correctional Complex*, No. 2:17-cv-1129, 2018 WL 3586660, at *7 (S.D. Ohio July 26, 2018) ("[C]ourts have held that language barriers and unfamiliarity with the legal system are not external factors sufficient to excuse procedural default.") (quoting *Sanchez v. Hetzel*, No. 1:11-cv-940-TMH, 2014 WL 1491178, at *4 (M.D. Ala. April 15, 2014) (citing *Vazquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988)) (pro se and language barrier insufficient to excuse procedural default); *Bonilla*, 370 F.3d at 498 ("[U]nfamiliarity with the English language" is not "external to [his] defense[.]"); *Silva v. Oregon*, 2009 WL 4505445, at *6 (D. Or. Dec. 2, 2009) (holding that an inability to speak English not an "objective factor amounting to cause"); *Fabian v. Herbert*, 2003 WL 173910 at *4 (S.D.N.Y. Jan. 23, 2003) (inability to speak or comprehend English insufficient to overcome procedural bar); *Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir. 1997) (holding that illiteracy is insufficient to excuse default); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Moreover, Petitioner offers no explanation for failing, to date, to pursue a delayed appeal from the Ohio appellate court's September 27, 2016, decision denying his appeal to the Ohio Supreme Court. The record does not support his allegation that he has been unable to access the courts or prevented from so doing based on his unfamiliarity with the English language.

Further, the record indicates that, at the time of Petitioner's guilty plea hearing, Petitioner stated while under oath and with the assistance of an interpreter, that he had discussed the charges against him with his attorney, who had answered all of his questions. (*Guilty Plea Transcript*, ECF No. 6-1, PAGEID # 117-18.) He had signed a written guilty plea form, and

3

reviewed it with his attorney, with an interpreter. (PAGEID # 119.) The Entry of Guilty Plea form indicates that Petitioner understood that he could be sentenced to 3 to 11 years on each of the four charges. (ECF No. 6-1, PAGEID # 96.) Petitioner denied being threatened or made any off-the-record promises to induce his guilty plea. (PAGEID # 119-120.) The Court advised him that the charges carried mandatory prison time, with a potential maximum prison term of up to 11 years on each count. Petitioner indicated that he understood. (PAGEID # 120.) He understood that the trial court could impose up to 44 years. (PAGEID # 121.) The trial court reviewed with Petitioner all of the rights he was waiving by entry of his guilty plea. Petitioner at all times indicated that he understood. (PAGEID # 122-24.) He admitted his guilt to the charges and indicated that he did so knowingly and voluntarily. (PAGEID # 125-26.) The transcript of Petitioner's sentencing hearing indicates that defense counsel submitted a sentencing memorandum, and asked the trial court to impose 6 years incarceration. (*Sentencing Transcript*, ECF No. 6-1, PAGEID # 135.) Petitioner had already served a year in the county jail. (*Id.*) He had 410 days jail credit. (PAGEID # 136.) When asked by the trial court if he had anything to say, Petitioner said "I'm sorry." (PAGEID # 137.) Although he heard his attorney request 6 years, and an interpreter was present, Petitioner never indicated that he had been made an off-the-record promise of 3 years. The trial court imposed a term of 12 years. (PAGEID # 137.)

When a petitioner challenges his guilty plea on the basis that it was induced by an unkept promise, the Court must determine whether that allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant summary dismissal. *Blackledge v. Allison*, 431 U.S. at 76. In applying this standard, a court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id.* at 74.

4

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (citations and footnote omitted). Thus, the record plainly contradicts Petitioner's allegation now that his attorney promised him a sentence of 3 years. The record entirely fails to support Petitioner's claim that his guilty plea was not knowing, intelligent, and voluntary.[1] Assuming that this claim is not waived, it nonetheless does not provide Petitioner a basis for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S.––. ––––, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that)

---

[1] Petitioner refers to an Affidavit from Charlene R. DeLorme, indicating that she heard Petitioner's attorney tell him that he would not be sentenced to more than six years, and might get three. (ECF No. 6-1, PAGEID # 344.) However, Petitioner did not attach DeLorme's statement to his post conviction petition, and the trial court did not consider it when it dismissed his claim. Therefore, this Court likewise cannot now consider that document here. *Cullen v. Pinholster*, 563 U.S. 170 (2011). In any event, DeLorme's statement would not assist the Petitioner, in view of his signed Entry of Guilty Plea form, and the transcripts of his guilty plea and sentencing hearing.

5

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

                                                          6-4-2019
                                      **EDMUND A. SARGUS, JR.**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**